UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

REGINALD KNOX,

        Plaintiff,

v.

UNKNOWN PARTY et al.,

        Defendants.

Case No. 1:18-cv-362

Honorable Gordon J. Quist

_____/

## OPINION

This is an action seeking a writ of mandamus under 28 U.S.C. §1361 brought by a state prisoner. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous and for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Michigan. Plaintiff is

serving a life sentence for a bank robbery committed in 1981. Plaintiff alleges that he has been diagnosed as a paranoid schizophrenic. (Compl., ECF No. 1, PageID.6.)

Plaintiff's complaint is not a model of clarity and it is a far cry from being a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2). Plaintiff's allegations simply ramble from topic to topic without ever identifying what relief he is seeking or from whom he is seeking it. Plaintiff's affidavit (ECF No. 7), filed in support of his request for leave to proceed *in forma pauperis*, contains the following list of issues covered in the complaint:

1. Whether the government is to be treated as though it were a prosecutor, plaintiff or defendant.

2. Authority for legal proceedings Commission, oath and salary of a special assistant or attorney.

3. Indian country exclusive jurisdiction.

4. Equal Protection Clause of the 14th Amend.

5. Job Corps Veteran Benefits.

6. Fed Juvenile Delinquency Act.

7. Youth Corrections Act no benefit finding.

8. Mich. affirmed bank robbery life unconstitutional.

9. Court of Claims fail to provide skilled judicial oversight of mental health and life means life policy.

10. VA Hospital second opinion of psycho meds & dental.

11. Shawnee Bank Security MDOC director.

12. Improvised clerk pro se defendant proper plaintiff.

(Aff., ECF No. 7, PageID.39.) The additional detail in the complaint is as cryptic as the list of issues.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

## III. Writ of Mandamus

The Mandamus Act provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. "To obtain relief under 28 U.S.C. § 1361, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act." *Budrow v. Leffler*, 86 F. App'x 899, 900 (6th Cir. 2004). Plaintiff has failed to identify a clear right to relief, a federal employee, or that employee's failure to act on a clear, nondiscretionary duty.

Plaintiff identifies some state employees and makes passing reference to state employees' failures with respect to Plaintiff's conviction and treatment in prison, but 28 U.S.C. § 1361 does not authorize the Court to compel a state employee to perform his or her duty. In short, Plaintiff has failed to state any viable claim for relief. Moreover, Plaintiff has failed to present a claim with an arguable or rational basis in law or in fact. Accordingly, his complaint is also frivolous. *Budrow*, 86 F. App'x at 900.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants all will be dismissed as frivolous and for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: May 25, 2018                                      /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE